■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH ATORIA, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered March 18, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 15, 1954 convicting him, after a jury trial, of manslaughter in the first degree, and imposing sentence. The order appealed from was affirmed by this court on November 30, 1964 (22 A D 2d 854). However, by an order of July 7, 1965, this court on its own motion vacated the order of affirmance and directed reargument of the appeal. On reargument, order reversed, on the law, and application remitted to the Criminal Term of the Supreme Court, Kings County, for further proceedings in accordance herewith. Defendant's conviction was based in part upon his confession. The District Attorney concedes that the trial court charged the jury on the issue of the voluntariness of the confession. The issue of voluntariness, instead of being tried separately and preliminarily by the court, was submitted to the jury for its determination together with the other issues in the case. Such procedure has since been held to be in violation of a defendant's constitutional rights. Defendant was entitled to a separate trial by the court alone of the issue as to the voluntariness of his confession (*Jackson* v. *Denno*, 378 U. S. 368; *People* v. *Huntley*, 15 N Y 2d 72; *People* v. *Williams*, 23 A D 2d 682) and the District Attorney concedes that a hearing on that issue is warranted and that this case should be remanded for such hearing and for a determination thereon. Therefore, this *coram nobis* application should be remitted to the Criminal Term of the Supreme Court, Kings County, for further proceedings in accordance with the procedure indicated in *People* v. *Huntley, supra*, insofar as such procedure is applicable herein (cf. *People* v. *Williams, supra*). Defendant served a notice of appeal from the judgment of conviction. His motion for assignment of counsel was denied and thereafter the appeal was dismissed by this court on January 5, 1956 because it had not been perfected. In his brief

the appellant requests, *inter alia*, that the order dismissing that appeal be vacated and that that appeal be reinstated and held in abeyance pending disposition of the *Huntley* hearing. Said request is denied, without prejudice to a formal motion for vacatur of the order, for reinstatement of the appeal from the judgment and for other appropriate relief. The application to vacate the order dismissing the appeal from the judgment and to reinstate that appeal was not included in the *coram nobis* petition and was not the subject of the order appealed from. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.